```
              UNITED STATES BANKRUPTCY COURT
               EASTERN DISTRICT OF MISSOURI
                      EASTERN DIVISION

IN RE:                          )  NO: 23-40940
                                )  CHAPTER 13
Scott Gant,                     )  Hearing Date: 6/8/2023
                                )  Hearing Time: 10:00 a.m.
            Debtor.             )  Courtroom:  7 South
```

TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

Comes now Diana S. Daugherty, Standing Chapter 13 Trustee, and states as follows:

1. Debtor did not file 2022 U.S. and State income tax returns. [11 U.S.C. § 1325(a)(9); § 1308]

2. The Trustee has not received Debtor's most recently filed U.S. and State income tax returns. [11 U.S.C. § 521(e)(2)(A)(i); Local Rule 1007-4A.]

3. The plan improperly addresses claim #4 of Together Credit Union (secured by a 2016 Chevy Silverado) in paragraph 3.5(B).

a) According to claim #4, the loan was not incurred to purchase the 2016 Chevy Silverado but rather to refinance a loan with First Community Credit Union.

b) Since the debt is not secured by a purchase money security interest (pmsi), claim #4 should not be paid in paragraph 3.5(B).

4. The plan improperly addresses claim #3 of Together Credit Union (secured by a 2014 Acura MDX) in paragraph 3.5(B).

a) According to claim #3, the debt was not incurred to purchase the 2014 Acura MDX but rather to refinance a loan with Bank of

America.

b) Since the debt is not secured by a pmsi, claim #3 should not be paid in paragraph 3.5(B).

5. The plan improperly addresses claim #2 of Together Credit Union (secured by a bass boat, motor & trailer) in paragraph 3.5(B).

a) According to claim #2, the debt was incurred on 8/5/2020---more than 1 year prior to the commencement of this case.

b) Since the debt was incurred more than 1 year prior to case commencement, claim #2 should not be paid in paragraph 3.5(B).

6. Debtor's attorney's fees are ambiguous.

a) Statement of Financial Affairs #16 and the plan indicate that $437 was paid by Debtor and that $4,363 is to be paid in the plan by the Trustee.

b) The 2016(b) fee disclosure states that $412 was paid by Debtor and that $4,388 is to be paid in the plan by the Trustee.

7. The Trustee cannot determine the applicable commitment period or whether the plan satisfies 11 U.S.C. § 1325(b) because Form 22C-1 lists inaccurately lists no income for Debtor during the 6 month CMI period.

8. Debtor's budget omits the $1,000/month DSO payment Debtor is obligated to pay.

9. The plan is not feasible in that:

a) It will not pay priority claims in full.

b) Based on presently filed claims and scheduled debts, the base of the plan is approximately $7,650 short of being feasible.

**WHEREFORE**, the Trustee prays that the Court deny confirmation of Debtor's Chapter 13 Plan; and for such other relief as this Honorable Court deems necessary and just under the circumstances.

Respectfully Submitted,

/s/ Joseph M. Wilson
Diana S. Daugherty
Chapter 13 Trustee
Joseph M. Wilson
FED#51849MO; MO#51849
Attorney For Trustee
P.O. Box 430908
St. Louis, MO 63143
(314) 781-8100
(314) 781-8881 (fax)
E-Mail: trust33@ch13stl.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above Trustee's Objection was filed electronically with the United States Bankruptcy Court on the  25th  day of May, 2023, and has been served on the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

The undersigned hereby certifies that the above Trustee's Objection was filed electronically with the United States Bankruptcy Court and has been served by Regular United States Mail Service, first class, postage fully pre-paid, addressed to the parties listed below, on the  25th  day of May, 2023:

Scott Gant
12190 Westward Dr.
St. Louis, MO 63146

/s/ Joseph M. Wilson